UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.  A-18-CV-615 |
| | ) | |
| BARBARA E. SEIGERT, | ) | |
|     Defendant. | ) | |

## COMPLAINT

The plaintiff, United States of America, alleges as follows:

## PARTIES

1. Plaintiff is the United States of America.

2. Defendant Barbara E. Seigert is an individual residing within the jurisdiction of this Court.

## JURISDICTION

3. This court has jurisdiction pursuant to 28 U.S.C. § 1345.

## FACTS

4. In 1991, 20 U.S.C. § 1091a[1] abolished the statute of limitations on all student loan debts and revived any student loan claims which had been previously barred by the statute of limitations.

---

[1] 20 U.S.C. § 1091a states in relevant part:

(a) In general

**(1)** It is the purpose of this subsection to ensure that obligations to repay loans and grant overpayments are enforced without regard to any Federal or State statutory, regulatory, or administrative limitation on the period within which debts may be enforced.

**(2)** Notwithstanding any other provision of statute, regulation, or administrative limitation, no limitation shall terminate the period within which suit may be filed, a judgment may be enforced, or an offset, garnishment, or other action initiated or taken by…

5. The defendant for value received, executed and delivered one promissory note to secure a loan under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. §1071 et.seq. (34 C.F.R. Part 682). The defendant subsequently defaulted on the note. The transaction is more particularly set out in the Certificate of Indebtedness and accompanying note attached hereto as **Exhibit 1** and incorporated as if set forth fully herein.

6. The promissory note was assigned to the United States.

7. The United States is the owner and holder of the promissory note. The Defendant has failed to pay said note according to the terms thereof. Pursuant to the note's terms, the United States declared the entire amount of indebtedness evidenced by the note immediately due and payable.

8. Accordingly, Defendant owes a debt to the United States in the amount of $42,975.51 (representing $28,896.76 in principal and interest of $14,078.75 through April 27, 2018) as more fully set forth on the Certificate of Indebtedness attached hereto as **Exhibit 1**. Defendant also owes additional pre-judgment interest, as it continues to accrue at the rate of $3.96 per day from April 28, 2018 until judgment is entered herein. Plaintiff is further entitled to interest thereafter at the post judgment rate as provided by law until the judgment is paid in full.

WHEREFORE, plaintiff prays for judgment against defendant:

1. In the amount of $42,975.51 (representing $28,896.76 in principal and interest of $14,078.75 through April 27, 2018) as more fully set forth on the Certificate of Indebtedness attached hereto as **Exhibit 1**;

2. Pre-judgment interest from the date of the Certificate of Indebtedness until date of judgment at the rate of $3.96 per day from April 28, 2018 until judgment is entered;

3. Interest thereafter at the post judgment rate as provided by law until the judgment is paid in full;

4. For its costs and attorney's fees incurred herein; and

5. For such other relief as the Court deems just.

    Respectfully submitted,

    JOHN F. BASH
    UNITED STATES ATTORNEY

By: */s/ Steven E. Seward*
    **STEVEN E. SEWARD**
    Assistant United States Attorney
    Florida Bar No. 29546
    601 N.W. Loop 410, Suite 600
    San Antonio, Texas  78216
    T: (210) 384-7259
    F: (210) 384-7247
    E-mail: Steven.Seward@usdoj.gov

    **ATTORNEY FOR UNITED STATES**

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS #1 OF 1

                              Barbara E. Seigert
                              Kyle, TX 78640-9543
                              Account No. XXXXX6641

I certify that U.S. Department of Education records show that the BORROWER named above is indebted to the United States in the amount stated below plus additional interest from 04/27/18.

On or about 08/20/02, the BORROWER executed a promissory note to secure a Federal Family Education Loan Program Consolidation loan from Pacific Loan Processors, Inc., Torrance, CA. This loan was disbursed for $25,216.61 on 08/28/02 at 5% interest per annum. The loan obligation was guaranteed by Texas Guaranteed Student Loan Corporation, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The BORROWER defaulted on the obligation on 07/28/07, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $30,506.70 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b) (4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the BORROWER. The guarantor was unable to collect the full amount due, and on 08/28/14, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the BORROWER now owes the United States the following:

Principal:        $28,896.76

Interest:         $14,078.75

    Total debt as of 04/27/18:      $42,975.51

Interest accrues on the principal shown here at the rate of $3.96 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 5/23/18

                                            Loan Analyst
                                            Litigation Support Unit

                                                      Brad Yoder
                                                      Loan Analyst

                              EXHIBIT 1

| Federal Family Education Loan Program (FFELP) **Federal Consolidation Loan Application and Promissory Note** WARNING: Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines or imprisonment under the United States Criminal Code and 20 U.S.C. 1097. | Guarantor, Lender or Program Identification Pacific Loan Processors, Inc. 21311 Hawthorne Blvd., Ste. 106 Torrance, California 90503 310-792-1222 | OMB No. 1845-0036 Form Approved Exp. Date 06/30/2003 |
|---|---|---|

### Section A. Borrower Information (Please print in dark ink or type. Read the instructions carefully.)

| 1. Last Name: SEIGERT | First Name: Barbara | MI: E | 2. Social Security Number: ██████6041 | 3. Home Telephone Number: ██████1882 |
|---|---|---|---|---|
| 4. Permanent Street Address: ██████ | | 5. Former Name(s): | 6. Date of Birth (Month/Day/Year): ████53 | |
| City: KYLE | State: TX | Zip Code: 78640 | 7. Driver's License State and Number — State: NONE | 8. Fax and E-mail address (optional) Fax ( ) E-mail |
| 9. Employer Name: Self Employed | Address: | | | |
| City | State | Zip Code | | Employer Telephone Number: ██████2620 |
| 10. Consolidation Lender Name | City | State | Zip | 11. Lender Code, if known |

### Section B. Spouse Information (Only complete if spouse has eligible loans you wish to consolidate jointly with yours.)

| 12. Last Name | First Name | MI | 13. Social Security Number | 14. Date of Birth (Month/Day/Year) |
|---|---|---|---|---|
| 15. Former Name(s) | | | 16. Driver's License State and Number — State | 17. Fax and E-mail address (optional) Fax ( ) E-mail |
| 18. Employer Name | | Address | | |
| City | State | Zip Code | | Employer Telephone Number ( ) |

### Section C. Reference Information

19. References: You must provide two separate references with different U.S. addresses. Do not include individuals who live with you (e.g., spouse) or live outside the United States. Both references must be completed fully and should be relatives or acquaintances (of you and your spouse if you are consolidating jointly) you have known for at least three years.

| | A. | B. |
|---|---|---|
| Name | PAT MUSTOE | Chico Montes |
| Permanent Address | ██████ | ██████ |
| City, State, Zip Code | ██████ | ██████ |
| Area Code/Telephone | ( ) ██████ | ( ) ██████ |
| Relationship to Borrower | Friend | Son |

### Section D. Education Loan Indebtedness (Read the Instructions before completing this section.)

List the education loans that you want to consolidate and the loans that you are not consolidating but want considered in calculating your maximum repayment period. If you need to list additional loans, use the Additional Loan Listing Sheet included in this package. Do not include your spouse's loans unless you completed Section B. Use the Loan Types listed in the Instructions.

| 20. Loan Type (See Instructions) | 21. Lender/Servicer Name and Address | 22. B = Borrower S = Spouse J = Joint | 23. Account Number | 24. Interest Rate | 25. Current Balance | 26. To Be Consolidated Yes / No |
|---|---|---|---|---|---|---|
| GSL | TGSLC/F_S, Inc. 2400 S. Wolf Rd. Suite 200 Westchester, IL 60154 800-377-1904 | B | ██████6041 | 6.94 | 26,293.25 | X |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

27. Borrowers Currently in Grace Period Only - If you wish to delay processing until you have completed your grace period, enter your expected grace end date. If you do not wish to delay processing, leave this field blank.    Grace End Date (Month/Year) _____

### Section E. Repayment Options (Refer to application materials or contact the lender before completing the section.)

28. Repayment Options (select one):   A. ☒ Standard Payments   B. ☐ Graduated Payments   C. ☐ Income-sensitive Payments
Note 1: If you do not complete this item, the lender will provide a Standard Payment schedule not to exceed the maximum repayment period allowable for the amount of your loan.
Note 2: For any of the payment plans, you may request a repayment period that is shorter than the maximum allowed. Contact your lender for more information.

### Section F. Promissory Note (In this Note, "lender" refers to, and this Note benefits, the original lender and its successors and assigns, including any subsequent holder of this Note.)

29. Promise to Pay:
I promise to pay to the order of the lender, all sums disbursed (hereafter "loan") under the terms of this Promissory Note (hereafter "Note") to discharge my prior loan obligations, plus interest and other charges and fees that may become due as provided in this Note. I accept the obligation to repay the loan. Unless I make interest payments, interest that accrues on the unsubsidized portion of my loan during deferment periods will be added, as provided under the Act, to the principal balance of the loan. If I fail to make any payment on the loan made under this Note when due, I will also pay reasonable collection costs, including but not limited to attorney's fees, court costs and other fees.

I understand that the amount of the loan will be based on the payoff balance(s) of such loan(s) as provided by the holder(s) of such loan(s) and may exceed my estimate of such payoff balance(s). The payoff amount may differ from the estimate because the holder will include unpaid principal, unpaid accrued interest, and other costs as permitted by federal regulations in the payoff reported to the consolidation lender. I understand that if any collection costs are owed on the loans selected for consolidation, these costs may be added to the principal balance of the consolidation loan and, in the case of Stafford, SLS, PLUS or Federal Consolidation Loans in default and held by a guaranty agency, may not exceed 18.5% of the outstanding principal and interest on the loan at the time the holder certifies the payoff balance. I authorize the lender to contact the holder(s) identified on my application to determine the eligibility and payoff figure for the loan(s) I have identified for consolidation and to payoff the eligible loans selected for consolidation. I further authorize those holder(s) to release that information.

I will not sign this Note before reading the entire Note even if otherwise advised. I am entitled to an exact copy of this Note and the Borrower's Rights and Responsibilities statement. My signature certifies I have read, understand, and agree to the terms and conditions of this Note, including the Borrower Certifications and Authorizations and the Borrower's Rights and Responsibilities statement. I understand I may no longer be eligible for some deferment types and for subsidized deferment periods on some loans being consolidated. I also understand that I might not be eligible for some loan discharges that were available on the loans being consolidated.

If applying for a loan with my spouse, we understand that by signing this Note, all references to "I", "me" and "my" in the Promissory Note, Borrower's Rights and Responsibilities statement, Borrower Certification and Authorization as well as other materials provided to me in connection with this loan are equally applicable to me and my spouse unless otherwise stated. In addition, we confirm that we are legally married to each other and we understand and agree that we are and will continue to be held jointly and severally liable for the entire amount of the debt represented by the Federal Consolidation Loan without regard to the amounts of our individual loan obligations that are consolidated and without regard to any change that may occur in our marital status. We understand that the Federal Consolidation Loan will be discharged only if both of us qualify for discharge. We further understand that we may postpone repayment of the loan only if we provide the lender with a request that confirms deferment or forbearance eligibility for both of us. We understand that one of us may be required to pay the entire amount due if the other is unable or refuses to pay.

**THIS IS A LOAN THAT MUST BE REPAID.**

| 30. Borrower's Signature: _/s/_ | Today's Date (Month/Day/Year): 8-20-02 |
|---|---|
| 31. Spouse's Signature (if consolidating jointly and Section B is completed): XXXXXXXXXXXXXXXXXXXXXXXX | Today's Date (Month/Day/Year): XXXXXXXXXXXXX |

Additional Note provisions follow.

EXHIBIT 1

C07

## Promissory Note (continued)

### Disclosure of Terms

At or about the time my former loans are discharged, a disclosure statement and repayment schedule ("disclosure") will be issued to me identifying the amount of the Federal Consolidation Loan and additional terms of the loan. If I have questions concerning the information disclosed, I will contact the lender. If the disclosure includes specific terms and information about my loan that are different from the terms and information in the Note, the specific terms and information on the disclosure apply to my loan.

Important additional terms of this loan are disclosed in the Borrower's Rights and Responsibilities statement accompanying this Note.

I agree that the lender may assign my loan to another holder.

### Interest

Unless my lender notifies me in writing of a lower rate, the formula for the rate of interest for my Federal Consolidation Loan is specified in the Higher Education Act of 1965, as amended, 20 U.S.C., et seq., and applicable U.S. Department of Education regulations (collectively referred to as the "Act").

Interest accrues on the unpaid principal balance of my Federal Consolidation Loan from the date of disbursement by the lender until the loan is paid in full. I agree to pay interest on the principal amount of my loan from the date of disbursement until the loan is paid in full except interest payable by the federal government under the Act. If I fail to make required payments of interest during a period of authorized deferment or forbearance, I agree that the lender may capitalize such interest as provided under the Act.

Except for any portion of the Federal Consolidation Loan attributable to HEAL, the loan will bear simple interest at an annual rate which is fixed for the term of the loan. The maximum interest rate on this loan will be equal to the weighted average of the interest rates (as certified by the holder) on the loans consolidated, rounded up to the nearest 1/8th percent not to exceed 8.25 percent.

If I choose to consolidate a fixed rate Federal ALAS/SLS Loan(s) or Federal PLUS Loan(s), I request that the existing interest rate of each loan be converted before consolidation to the refinancing rate provided for in the Act, if that rate is lower than the existing rate. If my lender grants this request, I understand there will be no separate document evidencing this refinancing.

For the portion of the Federal Consolidation Loan attributable to HEAL (if applicable), the interest rate is a variable rate and is adjusted annually on July 1. The variable rate for each 12-month period will be equal to the average of the bond equivalent rates of the 91-day Treasury Bills auctioned for the quarter ending June 30, plus 3.0 percent; there is no maximum interest rate on this portion of the loan.

### 180 Day Add-On Provision

If I do not consolidate all eligible loans at this time, I understand I may later add additional eligible loans made before or after the date of this consolidation. The Request to Add Loans must be received by the lender within 180 days of the date this Federal Consolidation Loan is made. To add an additional loan(s), I understand I must complete the required form provided by the lender. If I add a loan during this period, the lender will disclose new terms to me. The new terms and information will supercede the terms and information in the prior disclosure. After that 180-day period, no loan which is currently eligible and outstanding can be added to this Federal Consolidation Loan.

### Late Charges and Collection Costs

The lender may collect from me: (i) a late charge for each late installment payment if I fail to make any part of a required installment payment within 15 days after it becomes due, and (ii) any other charges and fees that are permitted by the Act for the collection of my loans. If I default on the loan, I must pay reasonable collection fees and costs, plus court costs and attorney fees.

### Repayment

I am obligated to repay the full amount of the loan made under this Note and the interest that accrues on that amount. Repayment shall begin upon disbursement; the first payment will be due within 60 days after the disbursement of my Federal Consolidation Loan. Payments will be scheduled in monthly installments according to the disclosure. Payments submitted by me or on my behalf (exclusive of refunds) may be applied first to late charges and collection costs that are due, then to accrued interest that has not been capitalized, and finally to the principal amount. The lender will provide me a disclosure that states my payment amount and due date. The maximum scheduled repayment period may be up to 30 years in length, depending upon the amount of the student loan indebtedness. The minimum payment on my loan must equal the amount of interest that accrues between scheduled payments.

If I am unable to make my scheduled loan payments, the lender may allow me to reduce my payment amount, to extend the time for making payments, or to temporarily stop making payments as long as I intend to repay my loan. Allowing me to temporarily delay or reduce loan payment is called forbearance. I agree my lender may grant me a forbearance for purposes of aligning payment due dates on my loans or to eliminate any delinquency that persists even though I am making payments.

I may prepay all or any part of the unpaid balance on my loan at any time without penalty. I agree to accept written notification of such payoff in place of receiving the original Note.

### Acceleration and Default

At the option of the lender, the entire unpaid balance shall become immediately due and payable when any one of the following events occurs: (i) I make a false representation that results in my receiving a loan for which I am not eligible; or (ii) I default on the loan.

The following events shall constitute a default on a loan: (i) I fail to pay the entire unpaid balance after the lender has exercised its option under items (i) or (ii) in the preceding paragraph; (ii) I fail to make installment payments when due and my failure persists for at least 270 days; or (iii) I fail to comply with other terms of the loan, and the lender or guarantor reasonably concludes I no longer intend to honor my repayment obligation. If I default, the guarantor may purchase my loan and capitalize all the outstanding interest into a new principal balance. I will be responsible for collection costs.

If I default, the default will be reported to all national credit bureau organizations and will significantly and adversely affect my credit history. I acknowledge that a default shall have additional adverse consequences to me as disclosed in the Borrower's Rights and Responsibilities statement. Following default, the loan may be subject to income-contingent repayment (including potential collection of amounts in excess of the principal and interest) in accordance with the Act.

### Governing Law and Notices

The terms of this Note will be interpreted according to the Higher Education Act of 1965, as amended (20 U.S.C. 1070 et seq.), other applicable federal statutes and regulations, and the guarantor's policies. Applicable state law, except as preempted by federal law, may provide for certain borrower rights, remedies, and defenses in addition to those stated in this Note. I understand that I may qualify for a loan discharge where the institution closes, where my eligibility was falsely certified by the institution, or where my institution failed to make a refund on my behalf.

If I reside in the state where the guarantor's principal office is located, the guarantor may sue to enforce the loan in the county where the guarantor's office is located. However, if I object to being sued there and I mail a written objection to the guarantor that is postmarked no later than 30 days after I am served with the lawsuit, the guarantor will either have the court transfer the lawsuit to the county where I live or will dismiss the lawsuit.

Any notice required to be given to me will be effective if mailed by first class mail to the latest address the lender has for me. I will immediately notify the lender of change of address or status as specified in the Borrower's Rights and Responsibilities statement. Failure by the lender to enforce or insist on compliance with any term of this Note shall not waive any right of the lender. No provision of this Note may be modified or waived except in writing by the lender of the Note. If any provision of this Note is determined to be unenforceable, the remaining provisions shall remain in force.

### Borrower Certification and Authorization

I declare under penalty of perjury that the following is true and correct:

(1) I certify that the information I have provided on this Application and Promissory Note is true, complete, and correct to the best of my knowledge and belief and is made in good faith.

(2) I certify that I do not now owe a refund on a Federal Pell Grant, Supplemental Educational Opportunity Grant, or a Leveraging Educational Assistance Partnership Grant (formerly State Student Incentive Grant), and that I am not now in default on any loan that I am consolidating or, if I am in default or owe a refund, I have (i) made satisfactory arrangements with the holder to repay the amount owed, or (ii) for Stafford, SLS, PLUS, or Federal Consolidation Loans, I agree to repay the consolidation loan under income-sensitive repayment terms.

(3) I certify that the loans I am consolidating are now in grace period or in repayment status.

(4) I certify that I do not have any other application pending for a Federal Consolidation Loan with any other lender. If all of my FFELP loans are with one holder who is not the consolidating lender, I further certify that I have sought and been unable to obtain a Federal Consolidation Loan from the holder of my loans, or the holder declined to provide me with an income-sensitive repayment schedule.

(5) I certify that if I have an outstanding Federal Consolidation Loan, I am eligible for another consolidation loan because: (i) I have subsequently borrowed another loan(s); or (ii) I am consolidating a consolidation loan with at least one other eligible loan.

(6) I certify that all of the loans selected for consolidation have been used to finance my education, my spouse's education, or my child's education.

(7) I certify that I am not subject to a judgment secured through litigation or to an order for wage garnishment, except as I have disclosed.

I also make the following authorizations:

(8) I authorize the lender to issue the proceeds of my Federal Consolidation Loan to each holder of the loans I have identified to discharge the debt(s).

(9) I authorize the lender, the guarantor or their agents, to investigate my credit record and report information concerning my loan status to persons and organizations permitted by law to receive such information.

(10) I authorize the release of information pertinent to this loan: (i) by the school, lender, and the guarantor, or their agents, to the references on this loan and to members of my immediate family unless I submit written directions otherwise; and, (ii) by and among my schools, lenders, guarantors, the Department of Education, and their agents.

(11) I authorize the Department of Education, and its agent(s), to verify my social security number with the Social Security Administration (SSA) and if the number on my loan record is incorrect, then I authorize SSA to disclose my correct social security number to these parties.

(12) If I have HEAL loans serviced by the consolidation lender and such loans are not included in this consolidation loan, I authorize the establishment of a Combined Payment Plan on my behalf.

(13) If the amount(s) my lender advances to my holder(s) exceeds the amount(s) needed to payoff the balance(s) of the selected loan(s), I understand that the holder(s) will refund the excess to my consolidating lender for application against the outstanding balance of this loan. If the amount(s) my lender advances to my holder(s) is less than the amount(s) needed to pay off the balance(s) of the loan(s) selected for consolidation, I will be responsible for notifying my lender about these remaining amount(s). I authorize the lender to include the remaining amount(s) in this consolidation loan, unless I payoff the remaining balance.

EXHIBIT 1

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

**DEFENDANTS**
Barbara E. Seigert          SA-18-CV-615

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Hays
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
U.S. Attorney's Office
601 N.W. Loop 410, Suite 600
San Antonio, TX 78216 (210) 384-7259

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| [X] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
20 U.S.C. 1071 et seq. (34 C.F.R. Part 682)
Brief description of cause:
Student Loan Default

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 42,975.51
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 07/25/2018
SIGNATURE OF ATTORNEY OF RECORD: /s/ STEVEN E. SEWARD, Assistant United States Attonrey

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____